IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CT-3182-FL

| | | |
|---|---|---|
| KOFFI M. GBIKPI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KENNY ATKINSON, DOCTOR ROSENTHAL, DOCTOR DAVID KAROL, and DOCTOR WILLIAMS, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on defendants' motion to dismiss, which this court construes as a motion for summary judgment (DE 20) pursuant to Federal Rule of Civil Procedure 56(a) because defendants attached filings that are outside of the scope of the pleadings. The issues raised have been fully briefed and are ripe for adjudication. For the following reasons, the court denies defendants' motion.

**STATEMENT OF THE CASE**

On July 11, 2014, plaintiff, a federal pretrial detainee, incarcerated at the Federal Correctional Institution in Butner, North Carolina ("Butner"), filed this civil rights action *pro se* pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff alleges that defendants acted with deliberate indifference to his serious medical needs in violation of the Fifth Amendment to the United States Constitution.

1

On June 24, 2015, defendants filed a motion for summary judgment arguing that plaintiff's action should be dismissed because he failed to exhaust his administrative remedies prior to filing this case. The motion was fully briefed.

**DISCUSSION**

A.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B.  Analysis

Defendants raise the affirmative defense that plaintiff failed to exhaust administrative remedies before filing this action. See Jones v. Bock, 549 U.S. 199, 216 (2007) ("failure to exhaust is an affirmative defense under [42 U.S.C. § 1997e]"); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). The Prisoner Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 84 (2006). Exhaustion is mandatory.

2

Woodford, 548 U.S. at 84; Porter v. Nussle, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."); Anderson, 407 F.3d at 677. A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001). "[U]nexhausted claims cannot be brought in court." Jones, 549 U.S. at 211.

The Federal Bureau of Prisons ("BOP") provides a four-step administrative remedy procedure. The first step in the process requires an inmate to present his issue to staff in an attempt at informal resolution. See 28 C.F.R. § 542.13. If informal resolution is unsuccessful, an inmate may submit a formal written administrative remedy request to the warden using a BP-9 form. See 28 C.F.R. § 542.14. If an inmate is dissatisfied with the warden's response, he then may appeal to the BOP's regional director, using a BP-10 form, and then to the BOP's General Counsel, using a BP-11 form. See 28 C.F.R. § 542.15.

As a defense to defendants' motion, plaintiff states that he requested the forms necessary to file an administrative remedy for his claims on May 28, 2014, but that his request was denied. ((DE 24), p. 3.) Plaintiff further states that Butner staff denied his request for the forms "with intent to cover up the violation of plaintiff constitutional rights." ((DE 23), p. 4.) "[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). Plaintiff's allegations create a genuine issue of material fact as to whether Butner staff prevented him from exhausting his administrative remedies. See Hill v. Haynes, 380 F. App'x 268, 272-273 (4th Cir. June 2, 2010); Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (holding that inmate lacked available administrative remedy for exhaustion purposes where inmate was unable to file a

3

grievance because prison officials refused to provide him with the necessary grievance forms).

Thus, defendants' motion is DENIED.

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment (DE 20) is DENIED. A case management order will follow.

SO ORDERED, this the 3rd day of November, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge

4

Case 5:14-ct-03182-FL   Document 25   Filed 11/04/15   Page 4 of 4